[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried in Los Angeles, California on December 29, 1984. The plaintiff has resided continuously in this state for more than one year next prior to the date of the complaint. There are no children issue of the marriage. The evidence presented by the plaintiff indicates that this marriage has irretrievably broken down, and judgment may enter dissolving the marriage on that ground.
The defendant never filed an appearance in this case. The plaintiff presented evidence that the defendant had actual notice of the trial date and informed the plaintiff he did not intend to appear at the trial. The court finds that the defendant is not in the military service and is currently employed as a civilian employee of the United States Department of Defense.
The court has considered the evidence and the criteria set forth in Connecticut General Statutes, Sections 46b-81 and 46b-82
in reaching the decisions reflected in the orders that follow.
The following orders may enter upon proof of personal in handservice upon the defendant of a copy of this memorandum ofdecision.
(1) The defendant shall pay to the plaintiff as periodic alimony the sum of two hundred ten ($210) dollars per week. This amount shall be taxable to the plaintiff and deductible by the defendant for federal and state income tax purposes. The payments shall commence the first Monday following service of these orders upon the defendant and continuing weekly thereafter until the death of either party, the plaintiff's remarriage or ten years from the first payment, whichever event first occurs. An immediate wage withholding order may enter. The defendant's employer shall pay CT Page 9269 the withheld funds directly to the plaintiff.
This order is based on the plaintiff's testimony that the defendant annual gross wages are forty-five thousand ($45,000) dollars.
(2) The marital residence shall be promptly listed for sale. The court reserves jurisdiction over the sale in the event the parties cannot agree on the terms and conditions of sale. From the proceeds of sale, the outstanding mortgage and usual closing costs and fees shall be paid. The balance shall be equally divided between the parties.
Until the residence is sold the plaintiff shall have exclusive possession thereof. The plaintiff shall be responsible for all carrying charges, including payment of the mortgage, real estate taxes and insurance.
(3) The defendant shall permit the plaintiff to convert coverage under the defendant's health insurance policy for her benefit under the Consolidated Omnibus Budget Reconciliation Act of 1985 (COBRA) for the statutory period at the plaintiff's sole expense.
(4) The defendant is awarded his trailer, boat and motorcycle.
(5) The defendant has an interest in retirement benefits from the Civil Service Retirement system. The court enters the following order on the assumptions that the retirement plan is qualified under IRS regulations and there is no federal statute exempting the plan from Qualified Domestic Relations Order awards. The court reserves jurisdiction to enter other appropriate orders in the event either or both of the stated assumptions are incorrect.
The defendant shall transfer to the plaintiff by Qualified Domestic Relations Order (QDRO) twenty five (25%) percent of his retirement plan, valued as of the date of this decree. Said payment shall be made directly to the plaintiff by the Retirement system. In the interim, while the documentation is being processed for the transfer, the defendant shall do nothing to impair said plan, or withdraw funds therefrom. The court retains jurisdiction to modify the QDRO to comply with federal or state law relating to retirement/pension plans. CT Page 9270
If the plan permits, the QDRO shall provide for a surviving spouse annuity, and an order prohibiting the defendant from withdrawing his contributions.
(6) The parties shall divide the furniture and furnishings in the marital residence by agreement. If they are unable to agree, they shall consult the Family Services Unit for assistance. The court reserves jurisdiction over this matter.
(7) The plaintiff is awarded the automobile and bank accounts listed on her financial affidavit. She also shall be solely responsible for the liabilities scheduled on her affidavit.
(8) The plaintiff alluded to an arrearage due on the pendente lite order of alimony for the period from December 20, 1993 to April 1, 1994. However, no evidence was presented as to when notice of the pendente lite order was served upon the defendant. Therefore, the court is unable to compute the arrearage. The court reserves jurisdiction on this issue until the plaintiff presents evidence at an assigned hearing, upon her request, where the plaintiff may present evidence as to the date of notice to the defendant.
(10) The plaintiff's maiden name of Munsell is ordered restored.
Judgment may enter accordingly.
NOVACK, J.